IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

      Plaintiff,                                No. 2:10-cv-0998-JFM (PC)

      vs.

WARDEN WALKER, et al.,

      Defendants.

_____/                ORDER

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained unless plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-487.  The rule announced in Heck has been extended to prison disciplinary convictions where good-time credits were lost and have not been restored.  See Edwards v. Balisok, 520 U.S. 641, 644-48 (1997).

1  Under Heck and its progeny, the court is required to determine whether a
2  judgment in plaintiff's favor in this case would "necessarily render invalid a conviction,
3  sentence, or administrative sanction that affected the length of the prisoner's confinement."
4  Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003). If it would, the complaint must be
5  dismissed unless the plaintiff can show that the conviction or sentence has been invalidated or
6  the good-time credits restored.

7  Plaintiff's action implicates the validity of the disciplinary proceedings, but the
8  allegations of the complaint and the exhibit attached thereto do not reveal whether plaintiff lost
9  good-time credits as a result of the disciplinary matter at issue in this action or, if he did, whether
10 the credits have been restored. Good cause appearing, plaintiff will be directed to file, within
11 twenty days, a copy of the rules violation report and any other documents that he seeks to have
12 expunged by this action. In addition, if plaintiff lost good-time credits as a result of the
13 challenged disciplinary proceedings, he shall inform the court in writing whether such credits
14 have been restored.

15  In accordance with the above, IT IS HEREBY ORDERED that:
16  1. Plaintiff's request for leave to proceed in forma pauperis is granted.
17  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
18 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
19 § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the
20 Director of the California Department of Corrections and Rehabilitation filed concurrently
21 herewith.
22  3. Within twenty days from the date of this order, plaintiff shall file a copy of the
23 rules violation report and any other documents that he seeks to have expunged by this action and
24 /////
25 /////
26 /////

3

shall inform the court in writing whether any good-time credits that may have been lost pursuant to the disciplinary proceedings at issue have been restored.

DATED: May 11, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

12
orte0998.fb

4