IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LAZARUS ORTEGA,

   Plaintiff,      No. 2:10-cv-0998-GEB-JFM (PC)

 vs.

WARDEN WALKER, et al.,

   Defendants.     FINDINGS & RECOMMENDATIONS

_____/

   Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

(9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. <u>Neitzke</u>, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989); <u>Franklin</u>, 745 F.2d at 1227.

By this action, plaintiff claims that his constitutional rights were violated in connection with his conviction on allegedly false prisoner disciplinary charges. Plaintiff seeks injunctive relief and money damages. By order filed May 12, 2010, plaintiff was directed to file, within twenty days, a copy of the rules violation report and any other documents that he seeks to have expunged by this action and, if he lost good-time credits as a result of the challenged disciplinary proceedings, to inform the court in writing whether such credits have been restored. On June 22, 2010, plaintiff filed the information required by the court's May 12, 2010 order. In relevant part, the rules violation report shows that plaintiff lost 150 days of good time credits as a result of the disciplinary conviction at issue, and plaintiff advises the court that those lost credits have not been restored.

In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the United States Supreme Court held that a suit for damages on a civil rights claim concerning an allegedly unconstitutional conviction or imprisonment cannot be maintained unless plaintiff can prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." <u>Heck</u>, 512 U.S. at 486-487. The rule announced in <u>Heck</u> has been extended to prison disciplinary convictions where good-time credits were lost and have not been restored. See <u>Edwards v. Balisok</u>, 520 U.S. 641, 644-48 (1997).

Under <u>Heck</u> and its progeny, the court is required to determine whether a judgment in plaintiff's favor in this case would "necessarily render invalid a conviction,

2

1  sentence, or administrative sanction that affected the length of the prisoner's confinement."
2  Ramirez v. Galaza, 334 F.3d 850, 856 (9th Cir. 2003).  If it would, the complaint must be
3  dismissed unless the plaintiff can show that the conviction or sentence has been invalidated or
4  the good-time credits restored.
5        Plaintiff's action implicates the validity of the disciplinary proceedings and the
6  disciplinary conviction has not been expunged, nor have the lost good-time credits been restored.
7  Accordingly, pursuant to Heck and its progeny, this action must be dismissed without prejudice.
8  See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).
9        In accordance with the above, IT IS HEREBY RECOMMENDED that this action
10 be dismissed without prejudice.
11        These findings and recommendations are submitted to the United States District
12 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
13 days after being served with these findings and recommendations, plaintiff may file written
14 objections with the court and serve a copy on all parties.  Such a document should be captioned
15 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
16 failure to file objections within the specified time may waive the right to appeal the District
17 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
18 DATED: July 20, 2010.

UNITED STATES MAGISTRATE JUDGE

12
orte0998.56